Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2835 | **DATE** | 8/14/2000 |
| **CASE TITLE** | In Re: Bardosh Shala | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because this Court finds that Bankruptcy Judge Barliant did not commit clear error–indeed, there was no error whatever–in finding that Shala acted willfully and maliciously in shooting Eminoski, it affirms the Bankruptcy Court's denial of discharge under Section 523(a)(6). This Court likewise finds that Bankruptcy Judge Barliant did not commit clear error–indeed, once again there was no error whatever–in finding that Shala retained a secret interest in Mr. Benny's limousine service such that there was a continuing concealment of Shala's property. Hence the Bankruptcy Court's denial of discharge under Section 727(a)(2)(A) is also affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 15 2000 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 8/14/2000 | |
| | Copy to judge/magistrate judge. | 00 AUG 14 PM 4:09 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re BARDOSH SHALA,

        Debtor.

EVELYN McNICHOLS, as Special
Administrator of the Estate of
Vedat Eminoski, deceased,

        Plaintiff-Appellee,

v.

BARDOSH SHALA,

        Defendant-Appellant.

No. 00 C 2835
    (98 B 30453)
    (99 A 4)

DOCKETED
AUG 15 2000

MEMORANDUM OPINION AND ORDER

    This bankruptcy appeal involves a bizarre tale of murder and deceit as factual matters, but none of that drama carries over to the remarkably clear-cut legal issues. This memorandum opinion and order will first lay out the factual matrix briefly, omitting the details that would make for an interesting TV soap opera script but are irrelevant to the legal analysis, then will turn to the law involved.

    After Bardosh Shala ("Shala")--the debtor in the bankruptcy proceedings below, and now the appellant before this Court--shot and killed Vedat Eminoski ("Eminoski") in circumstances stemming from the 40-odd year old Eminoski's involvement with Shala's generation-younger daughter, Shala was convicted of second degree murder. Evelyn McNichols, as Special Administrator of Eminoski's Estate ("the Estate"), then filed an assault-and-battery and

wrongful-death action against Shala in the Cook County Circuit Court. That court found Shala liable on both counts and entered a $908,000 judgment against him. During the course of the Estate's later efforts to collect on that judgment, the Circuit Court granted the Estate's motion for turnover regarding Shala's limousine service business (which he had carried on under the name "Mr. Benny's") because the court found that Shala's sale of that business to Ilaz Hashani ("Hashani") after his having killed Eminoski had been intended to defraud the Estate.

Shala instituted the underlying Chapter 7 bankruptcy proceedings after the entry of the Circuit Court's turnover order, and the Estate in turn filed an adversary proceeding seeking the nondischargeability of Shala's debt to the Estate and objecting to Shala's discharge pursuant to both 11 U.S.C. §523 ("Section 523") and 11 U.S.C. §727 ("Section 727"). Both parties moved for summary judgment in the adversary proceeding, and Bankruptcy Judge Ronald Barliant then found that the existence of genuine issues of material fact precluded summary judgment in either direction on either count of the adversary complaint. After a bench trial, however, Judge Barliant entered judgment denying discharge under both Section 523 and Section 727--see the Feb. 29, 2000 Bankruptcy Court transcript (cited here as "Tr.--") at 30-32.

Shala then appealed that determination to this District

2

Court. Because this Court saw no reason to reinvent the wheel by requiring a fresh new round of briefing, it simply ordered the parties to supplement the Bankruptcy Court record with the trial briefs and summary judgment briefs filed below. Based upon those materials and the transcripts of proceedings before Judge Barliant, this Court affirms the Bankruptcy Court's denial of Shala's discharge under Sections 523 and 727.

## Standards of Review

Dual standards of review apply to any bankruptcy appeal such as this one. To the extent that the Bankruptcy Judge has made any findings of fact, they may not be set aside unless clearly erroneous, while any questions of law are subject to de novo review (Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.), 151 F.3d 605, 607 (7th Cir. 1998); see also Fed. Bankr. R. ("Rule") 8013). There are very good reasons for the major deference thus conferred by the caselaw and Rule 8013 on the extraordinarily able judges who make up this District's Bankruptcy Court. As the ensuing discussion reveals, this Court readily honors that deference as to Judge Barliant's findings (1) that Shala acted willfully and maliciously in shooting Eminoski and (2) that Shala engaged in a continuing concealment of his secret interest in the limousine business after the purported sale to Hashani.

3

## Section 523(a)

Section 523(a) provides in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> *   *   *
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity....

Here the Estate urges that Shala willfully and maliciously killed Eminoski, so that Shala's $908,000 debt to the Estate cannot be discharged.

In re Thirtyacre, 36 F.3d 697 (7th Cir. 1994) involved facts quite similar to those at issue here (though no fatality resulted there), and the court found the debtor's debt to be nondischargeable. There Marvin Thirtyacre ("Thirtyacre") had been found liable in an assault and battery charge for hitting a woman, and he was subjected to a default judgment in state court proceedings. Thirtyacre then filed for a Chapter 7 bankruptcy, seeking to have all of his debts, including the $25,000 assault and battery judgment, discharged. As Thirtyacre, 36 F.3d at 700 (internal citation and quotation marks omitted) taught in that context:

> Under §523(a)(6), of the Bankruptcy Code, willful means deliberate or intentional...and malicious means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm. Whether an actor behaved willfully and maliciously is ultimately a question of

4

fact reserved for the trier of fact.

It is clear from Tr. 31 that Bankruptcy Judge Barliant applied the proper legal standard to the "willful and malicious injury" determination. And equally importantly, nothing in the record casts any doubt on Judge Barliant's factual finding that Shala's conduct was indeed willful and malicious. Any potential need to delve into the record particulars is obviated by the fact that Shala was convicted of second degree murder after shooting Eminoski ten times. In that respect Shala had claimed self-defense on the specific premise that he had just cause for the shooting--but the jury found beyond a reasonable doubt that he did not have any just cause or excuse. "[O]n the entire evidence," this Court is not at all "left with the definite and firm conviction that a mistake has been committed" by the Bankruptcy Court (Thirtyacre, id., in both respects quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

### Section 727(a)

Section 727(a) provides in relevant part:

(a) The court shall grant the debtor a discharge, unless--

   *   *   *

 (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--

5

> (A) property of the debtor, within one year before the date of the filing of the petition....

In that regard the Estate argues that Shala's transfer of Mr. Benny's to Hashani, although made more than a year before he filed his bankruptcy petition, comes within the Section 727(a)(2)(A) exception to discharge under the doctrine of "continuing concealment." And as to that doctrine <u>Friedell v. Kauffman</u> (<u>In re Kauffman</u>), 675 F.2d 127, 128 (7th Cir. 1981) (per curiam) has said:

> The transfer of title with attendant circumstances indicating that the bankrupt continues to use the property as his own is sufficient to constitute a concealment.

To be sure, <u>Kaufman</u> was decided under an earlier version of the bankruptcy laws rather than under Section 727(a)(2), and our Court of Appeals has not readdressed the issue under the current Bankruptcy Code. But other circuits have more recently continued to adhere to the selfsame continuing concealment doctrine. Thus, for example, <u>Hughes v. Lawson</u> (<u>In re Lawson</u>), 122 F.3d 1237, 1240-41 (9th Cir. 1997) (citing <u>Kauffman</u> as well as authority from the Third and Fifth Circuits) likewise holds that the doctrine of continuing concealment comes into play where a debtor has transferred property more than one year before the bankruptcy filing but has retained a secret interest in the property that has continued into the 12-month immediate-pre-bankruptcy period. Accord, the cases cited in Lawson: <u>Rosen v. Bezner</u>, 996 F.2d

6

1527, 1531 (3d Cir. 1993) and Thibodeaux v. Olivier (In re Olivier), 819 F.2d 550, 555 (5th Cir. 1987).

Applying the continuing concealment doctrine, Bankruptcy Judge Barliant found (Tr. 32):

> Evidence that the debtor had his debts paid essentially by the business, and the way the business was operated, the finding of the state court that the initial transfer was a fraudulent transfer, all convince me that there was a continuing concealment of the debtor's property, that he had a secret interest in this property.

Shala's only quarrel as to the Estate's Section 727 claim was really one of legal irrelevance: that the transfer of the business occurred more than a year before the bankruptcy action. But that after all is only the beginning point of the Section 727(a)(2)(A) analysis--it is just the precondition to examining the events during the critical period of the final 12 months immediately preceding the bankruptcy filing.

On that score Shala offers nothing whatever to dispute the applicability of the continuing concealment doctrine, and nothing in the record suggests that Judge Barliant erred in finding that Shala maintained a secret interest in the business during that relevant 12-month period. Again this Court is simply not "left with the definite and firm conviction that a mistake has been committed" (Thirtyacre, 36 F.3d at 700).

## Conclusion

Because this Court finds that Bankruptcy Judge Barliant did

7

not commit clear error--indeed, there was no error whatever--in finding that Shala acted willfully and maliciously in shooting Eminoski, it affirms the Bankruptcy Court's denial of discharge under Section 523(a)(6). This Court likewise finds that Bankruptcy Judge Barliant did not commit clear error--indeed, once again there was no error whatever--in finding that Shala retained a secret interest in Mr. Benny's limousine service such that there was a continuing concealment of Shala's property. Hence the Bankruptcy Court's denial of discharge under Section 727(a)(2)(A) is also affirmed.

---
Milton I. Shadur
Senior United States District Judge

Date: August 14, 2000